**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

MATTHEW HUFFSTATLER　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #155080

v.　　　　　　　　　　　　　　NO. 3:14CV00044 JLH

STEVEN INBODEN　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

**ORDER**

Matthew Huffstatler, an Arkansas Department of Correction inmate, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that Steven Inboden, his criminal defense attorney, failed to represent him adequately, and did not earn the $12,500.00 that Huffstatler paid for his services. Because Inboden was not a state actor, Huffstatler's complaint fails to state a claim for which relief may be granted under section 1983 and therefore must be dismissed.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. However, a *pro se* plaintiff's allegations must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II. Analysis

To state a cognizable claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Inboden's actions as his advocate in a criminal proceeding cannot form the basis for a section 1983 claim. An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *See Polk County v. Dodson*, 454 U.S. 312, 320, 102 S. Ct. 445, 451, 70 L. Ed. 2d 509 (1981) ("[I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions"). *See also Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam) (conduct of either retained or appointed counsel does not constitute state action for purposes of section 1983). Accordingly, Huffstatler's complaint must be dismissed. The dismissal will be without prejudice as to Huffstatler's right to pursue in an appropriate forum any claims based on state law.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Huffstatler's complaint is DISMISSED WITH PREJUDICE with respect to Huffstatler's federal civil rights claims and WITHOUT PREJUDICE in all other respects.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be considered frivolous and not in good faith.

DATED this 12th day of March, 2014.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE